IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| The State of South Carolina, | ) | C/A No. 3:17-1537-TLW-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Minister Toure Ali, *Ex Rel Tori-Keon: Thompson [Sui Juris]*, | ) | |
| Defendant. | ) | |

Minister Toure Ali, proceeding *pro se*, filed this Notice of Removal from the Lexington County Court of General Sessions purporting to remove criminal matter 2017A3210800146 in which he is the defendant.[1] (ECF No. 1.) The Notice of Removal has been filed pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Notice of Removal and accompanying documents in accordance with applicable law, the court concludes this matter should be remanded.

**I.     Factual and Procedural Background**

Ali indicates that on March 17, 2017, he was pulled over by a Lexington County deputy sheriff for an improper lane change and failure to signal. During the stop, the deputy accused Ali of having a fake I.D., but Ali claims his I.D. was issued by the Xi Amaru Tribal Government, of which Ali claims to be a member. Ali indicates he was charged with possessing a fake I.D. and had the I.D. confiscated, which he claims is a violation of the Fourth Amendment. He claims he has

---

[1] The Lexington County Public Index indicates the actual name of the defendant in that criminal matter is Tori Keon Thompson.



already been found guilty in a jury trial, in which he was coerced and under duress.² He further claims that the Xi Amaru tribe drafted a letter to the Sheriff's Office to have the I.D. returned but the Sheriff's Office added an obstruction of justice charge against Ali instead.³ Ali seeks to remove this case from state court, seeking to have his false identification and obstruction of justice charges dismissed, his I.D. returned to him, and to have the Lexington County Sheriff's Office be given a "liaison in human rights" to train the deputies on how to treat indigenous people. Ali asserts the court has jurisdiction because this matter raises a federal question.

**II.     Discussion**

To the extent Ali seeks to remove criminal matter 2017A3210800146 from the Lexington County Court of General Sessions, the court notes criminal defendants may only remove state criminal prosecutions to federal court in rare circumstances. <u>See</u>, e.g., 28 U.S.C. § 1442 (criminal prosecutions against federal agencies and officers), § 1442(a) (criminal prosecution against members of the armed services), & § 1443 (denial of racial equality in state criminal prosecutions). Federal law requires:

> A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

---

² The Lexington County Public Index indicates traffic court was held and Defendant was fined $478.95 in a bench trial.

³ The Lexington County Public Index indicates Defendant has been charged with "Intimidation of court officials, jurors, or witnesses." The case is pending in the Court of General Sessions.

PJG

28 U.S.C. § 1455(a). A notice of removal must also include the grounds for such removal, and a failure to state grounds that exist at the time of the filing of the notice constitutes waiver of such grounds. 28 U.S.C. § 1455(b)(2).

Ali does not contend that his attempted removal of his state criminal prosecution falls under any of the permissible circumstances enumerated by law. Rather, Ali asserts the court has jurisdiction over this matter because it involves a federal question, which is not sufficient to meet the requirements for removal. See generally Johnson v. Mississippi, 412, U.S. 213, 219 (1975) ("Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice [for removal under § 1443]."); State v. Ivory, 906 F.2d 999, 1002 (4th Cir. 1990) ("The regulation of crime is pre-eminently a matter for the States, and there is a strong judicial policy against federal interference with state criminal proceedings.") (citing Meas v. California, 489 U.S. 121 (1989)) (quotations omitted).

Also, Ali failed to file the necessary state court documents required by § 1455(a) and he also failed to demonstrate the matter was timely removed pursuant to § 1455(b)(1). Bowen v. State, 194 F.3d 1303 (4th Cir. 1999) (Table) (finding district court did not err in failing to remand attempted removal of state prosecution where the removal was untimely). Because Ali fails to establish that the court has jurisdiction over this matter, the court finds the matter should be dismissed and remanded to the Lexington County Court of General Sessions. See 28 U.S.C. § 1455(b)(4) ("The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."); see also North Carolina v.

Dupree, 521 F. App'x 181 (4th Cir. 2013) (Table) (finding district court lacked subject matter jurisdiction over removal of state criminal prosecution because defendant did not make the requisite showing for removal under § 1443, and thus, remand to state court was appropriate); Commonwealth of Va. v. El, Civil Action No. 3:16cv128, 2016 WL 4507814, at *3 (E.D. Va. Aug. 26, 2016) (collecting cases).

**III. Conclusion**

Accordingly, the court recommends this matter be remanded to the Lexington County Court of General Sessions.

August 8, 2017　　　　　　　　　　　　　　　　　Paige J. Gossett
Columbia, South Carolina　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).